## Commonwealth *v.* Hughes, Appellant (No. 1.)

*Jury—Grand jury—Jury wheel—Sealing wheel.*

Where it is necessary to draw a grand jury as soon as the wheel is filled, it is not required of the sheriff and the jury commissioners to go through the form of locking and sealing the wheel, and at once reopening it. The object of sealing the wheel is to preserve it from interference with by unauthorized persons between the time when the wheel is filled and a later date when it becomes necessary to open it for the purpose of drawing a jury.

All presumptions are in favor of the validity of the action of the jury commissioners and sheriff.

Where there is nothing to indicate that the jury list was not truthfully certified, the fact that the jury commissioners signed the certificate in blank, and that the names of the jurors were filled in under the direction of the jury commissioners from a proper list is not sufficient basis for quashing the array.

Argued Dec. 10, 1906. Appeal, No. 16, Jan. T., 1907, by defendant, from order of Q. S. Luzerne Co., Jan. T., 1906, No. 57, refusing to quash the array of grand jurors in case of Commonwealth v. H. H. Hughes. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Indictment for collecting taxes not assessed. Before HALSEY, J.

At the trial a motion to quash the indictment was made and overruled.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in refusing to quash the indictment.

*John T. Lenahan,* with him *Thomas W. Hart* and *Michael H. McAniff,* for appellant, cited: Brown v. Com., 73 Pa. 321; Ins. Co. v. Adams, 110 Pa. 553; Rolland v. Com., 82 Pa. 306; Curley v. Com., 84 Pa. 151.

*John D. Farnham* and *B. R. Jones,* district attorney, for appellee, cited: Com. v. Delamater, 2 Pa. Dist. Rep. 562; Brown v. Com., 73 Pa. 321; Curley v. Com., 84 Pa. 151; Ins. Co. v. Adams, 110 Pa. 553.

OPINION BY HENDERSON, J., February 25, 1907:

The first assignment of error complains of the action of the court in refusing to quash the array of grand jurors. The reasons in support of the motion insisted upon in the argument are: (1) that one of the jury commissioners did not place his seal on the jury wheel after the same was closed before the grand jury which found the indictment was drawn; (2) that the panel of grand jurors was not the original panel made by the jury commissioners. Testimony was taken in support of the motion to quash, from which it appears that the jury wheel was filled by the jury commissioners and one of the judges on November 27, 28 and 29, and that on the latter date after the wheel had been filled the grand jury was drawn, the jury commissioners, their clerk and the sheriff being present. Whether any seals were attached to the jury wheel before the grand jury was drawn does not clearly appear. The appellant contends that the evidence shows that the seals of the sheriff and one of the jury commissioners were attached, but that the other jury commissioner did not affix his seal because he did not have it with him. It does appear, however, that the jury wheel remained in the presence and custody of the jury commissioners from the time the filling of the wheel was completed until the grand jury was drawn. The 90th section of the Act of April 14, 1834, P. L. 333, provides that after the completion of the selec-

tion of jurors and the depositing of their names in the wheel the sheriff shall cause the same to be locked and secured by sealing wax, upon which the sheriff and the commissioners are required to impress distinctly their respective seals.   This requirement has obvious reference to the preservation of the wheel from interference by unauthorized persons between the time when the wheel is filled and a later date when it becomes necessary to open it for the purpose of drawing a jury.   In the case under consideration the exigency of a venire made it necessary that a grand jury be drawn for the next term of the criminal courts as soon as the wheel was filled.   In view of this necessity the commissioners proceeded at once to draw the jury. As this act immediately followed the filling of the wheel it was not necessary that the sheriff lock and that the commissioners and sheriff seal the wheel and at once reopen it.   The jury commissioners are intrusted with the custody of the wheel and are authorized to open it from time to time as they may be required to do by order of the courts.   It would have been a useless act to seal and immediately open.   Such a formality would not tend to secure the integrity of the wheel nor promote the uncorrupted administration of justice.   What occurred in the matter of sealing the wheel after the grand jury was drawn is not material to the present inquiry.   If the jury commissioners acted in conformity to the law in performance of their duties up to and including the time when the grand jury was drawn the defendant is not in a situation to complain that there was afterward a defective sealing of the wheel.

The venire and sheriff's return are not printed, but it may be inferred from the argument of the appellant that they are regular in form.   All presumptions, therefore, are in favor of the validity of the action of the jury commissioners and sheriff. It is not suggested that the panel returned by the sheriff contains names not drawn by the commissioners, nor is there any evidence that it does not contain the names actually drawn and delivered to the sheriff.   There is no statute requiring that the first list of the names of the jurors drawn shall be furnished by the jury commissioners to the sheriff.   Section 109 of the Act of April 14, 1834, P. L. 333, prescribes the form of the writ of venire.   The sheriff is therein directed to summon the persons whose names shall be drawn and to make return of the names and

surnames of the persons so summoned in a panel annexed to the writ. This panel is a list of the names of jurors drawn by the jury commissioners. It appears from the evidence that the blanks upon which were written the lists of jurors as required by the 122d section of the act of 1834 were signed by the jury commissioners before the names were written thereon. It also appears, however, that the names of jurors were filled in under the direction of the clerk of the jury commissioners from a list made out by him at the time the jury was drawn and that the lists certified were correct. The act of the jury commissioners in signing the certificate in blank is not to be commended. It would be the orderly way to attach the certificate after the names had been written, but there is nothing in the case to indicate that the list was not truthfully certified; nor is there anything to show that the jury was not drawn as set forth in the sheriff's return to the writ of venire. There is some confusion in the use of the words "venire" and "panel" in the evidence and it is not clear whether either of the lists certified by the jury commissioners was received by the sheriff. It does clearly appear, however, that he had a list of the jurors and that it contained the same names as the list returned by the commissioners to the clerk of the court of quarter sessions. The appellant has not satisfied us that any such irregularity existed as would have justified the court in quashing the indictment.

The judgment is, therefore, affirmed and the record remitted to the court below that the sentence may be executed according to law.